WALKER and others *v.* COLBY WRINGER Co. and another.

*(Circuit Court E. D. Wisconsin.* October Term, 1882.)

**1. EFFECT OF WORDS "HEIRS," ETC., INSTEAD OF "SUCCESSORS," ETC., IN A DEED.**

Execution levy was made upon certain lands to satisfy a judgment recovered in an action on a bond, with surety, taken upon the representations that one of the defendants was possessed of valuable land in her own right. The principal on the bond was a minor, and the judgment was against the surety alone. A suit was brought by the complainants herein asking for an injunction restraining the sale of the lands of which they claim to be the owners. In the deed to the land in dispute the defendant in the former suit appears as the grantee, named

in her representative capacity as the guardian of the complainants herein, but in the *habendum* clause of the deed the words " her heirs and assigns" appear instead of "successors;" and the main question being in whom is the title of the lands vested, *held*, that the word " heirs," used instead of successors in the printed part of a deed, should not control or qualify the other parts of the instrument; the test being that, in equity, the party could not hold the title in fee in hostility to the heirs, nor could she maintain such a right at law, relying upon the terms of the deed.

2. TRUSTS—STATUTORY.

Sections 2081 and 2090 of the Revised Statutes of Wisconsin refer to trusts created by the instrument declaring them.

3. GUARDIAN AS TRUSTEE.

A guardian is trustee under the statute by virtue of which he is appointed.

4. EXECUTION.

Execution can only be levied on the property of the one against whom the judgment stands. Equity cannot relieve in the application of a purely legal remedy.

5. CLOUD ON TITLE—RESTRAINING SALE UNDER EXECUTION.

A court of equity, in order to prevent a cloud upon the title to land, will, in a proper case, restrain the sale thereof.

In Equity.

*J. C. McKenney*, for complainants.

*J. P. C. Cottrill*, for defendants.

DYER, D. J. The bill in this case prays for an injunction restraining the sale of certain lands, of which the complainants claim to be the owners, and which have been made the subject of execution levy to satisfy a judgment heretofore recovered in this court by the defendant the Colby Wringer Company against one Caroline Walker.

The material facts of the case are as follows:

Prior to July, 1879, one Emery S. Walker was the agent of the Wringer company for the sale of clothes wringers at Milwaukee. At about the time stated, it was arranged that he should retire from the agency, and that the complainant Jesse W. Walker should be appointed in his stead. The appointment of Jesse W. Walker was, however, to be upon the condition that he should give a bond, with surety, for the payment to the company of the proceeds of goods sold to the amount of $1,500, and Caroline Walker offered to become such surety. The company thereupon took measures to ascertain the extent of her pecuniary responsibility, and, upon the strength of representations made by Jesse W. Walker to the retiring agent, the latter informed the company that Caroline Walker was the owner of property valued at $4,000. The Wringer company was also referred to persons acquainted with Mrs. Walker for further information touching her pecuniary condition, and was advised by letters received from such persons—which it is proved were in fact written by Plummer S. Walker, the husband of Caroline Walker—that Mrs. Walker owned real estate and personal property in her own right worth from $3,500 to $5,000.

The proofs show clearly enough that through the instrumentality of Jesse W. Walker, Caroline Walker, and her husband, Plummer S. Walker, the Colby Wringer Company was led to believe that she was a person of adequate pecuniary responsibility; and the result was that the company accepted a bond or guaranty executed by Jesse W. Walker and Caroline Walker as security for the punctual payment by him of all book-accounts or notes given for goods furnished him by the company, to the extent of $1,500. Thereupon Jesse W. Walker entered upon the business of his agency, and continued in the same until 1880, when he retired from the agency a debtor to the company in about the sum of $1,500.

It appears further that Calvin W. Walker was the first husband of Caroline Walker, and the father of complainants. He died in April, 1863, leaving real estate of which complainants became the owners by descent as his heirs at law. Caroline Walker was their guardian and made sale of the property. The proceeds were loaned to Plummer S. Walker, who had become the husband of Caroline Walker, and as he subsequently became unable to make repayment in money, he conveyed to Mrs. Walker certain lands in Outagamie county to make good the amount he had so borrowed. The conveyance was made on the twenty-ninth day of July, 1873, and recites that it is an indenture between P. S. Walker and his wife, Caroline Walker, as parties of the first part, and Caroline Walker, as the guardian of the minor heirs of Calvin W. Walker, party of the second part. In the body of the deed there is a recital that the grantors "give, grant, bargain, sell, remise, release, and quitclaim to the party of the second part, and to her *heirs and assigns, forever,*" the lands described; and in the *habendum* clause are also the words "the said party of the second part, *her heirs and assigns, forever.*" These lands held by Caroline Walker under this conveyance constituted the real estate which the Colby Wringer Company supposed, from the representations before referred to, was owned by Caroline Walker in her own right.

At the time business relations were established between the Wringer company and the complainant Jesse W. Walker, and from that time until his agency was closed, he was a minor; but of this fact the company had no knowledge until the thirteenth day of November, 1880, when he gave to the company notice in writing that he elected to disaffirm the bond or guaranty executed in July, 1879, by himself and Caroline Walker, on the ground that at the time of the execution thereof he was a minor, under the age of 21 years. Subsequently

the Colby Wringer Company brought a suit in this court against Caroline Walker upon the guaranty, and on the twenty-first day of February, 1881, recovered judgment against her for the sum of $1,500 and costs. Execution was issued on the judgment, and the lands before mentioned were levied on as the property of Caroline Walker, by the defendant Fink, who is marshal of this district. Thereupon the present bill for an injunction was filed to restrain the sale of the lands, on the ground that the complainants are the owners thereof, and that said lands are not subject to seizure and sale as the property of Caroline Walker.

Since the judgment sought to be collected is against Caroline Walker alone, the judgment creditor is restricted, so far as the enforcement of purely legal remedies is concerned, to such property, or such interests in property, as she holds in her own right. The proceeding by execution, resorted to by the plaintiff in the judgment, is an assertion of a strictly legal right. It is not in any sense a proceeding in equity to reach equitable interests. Necessarily, therefore, the first question is, in whom is the title to the lands in question vested?

The claim of the defendant's counsel is that the conveyance of the lands from Plummer S. Walker vested the title in fee in Caroline Walker; and it is urged that this contention is supported by the clauses in the body of the deed, wherein the words "her heirs and assigns, forever," are used. It is claimed that the granting clauses of the deed control the preceding part thereof, wherein the grantee is described as the guardian of the minor heirs of Calvin W. Walker. In view of the proofs on the subject, there can be no doubt that Calvin W. Walker died seized of real estate which on his death became the property of complainants; and that, as an equivalent for the proceeds of that property, which had been used and lost by Plummer S. Walker, the lands in question were conveyed to Caroline Walker for the benefit of the heirs of Calvin W. Walker, of whom she was the legally-constituted guardian. It was the evident intention of the parties to convey the lands to her as such guardian. As grantee in the deed she is named in her representative capacity. The language of the instrument is: "This indenture, made the twenty-ninth day of July, in the year of our Lord one thousand eight hundred and seventy-three, between P. S. Walker and his wife, Caroline Walker, of Maple Creek, Outagamie county, Wisconsin, parties of the first part, and Caroline Walker, as the guardian of the minor heirs of Calvin W. Walker, of the same place, party of the second part." The

consideration of the deed, by the terms thereof, run from her as the party of the second part; that is, as a grantee receiving the title, not in her individual right, but in her representative character. It is true that in the subsequent clauses of the deed the word "heirs" is used instead of the word "successors," but I do not think the use of that word, in the printed part of the deed, should be held to control or qualify the other parts of the instrument to which reference has been made, and to confer upon her, in her individual right, the legal title. Certainly, in equity, she could not hold the lands under claim of absolute title in fee, in hostility to the heirs, nor do I think she could maintain such a right at law relying upon the terms of the deed.

But it is still further urged that if the conveyance was intended by the parties to be one in trust to Caroline Walker, it is inefficacious as a trust deed because the trust in favor of Jesse W. Walker and Mary P. Walker is not fully expressed and clearly defined on the face of the instrument, as required by section 2081 of the Revised Statutes of Wisconsin, and therefore that under section 2090 of the same Revision the conveyance must be deemed absolute as against the creditors of Caroline Walker. But these statutes apply only to such trusts as are created by the instruments declaring or attempting to declare them. Here the trust is not created by the deed. A guardian is a trustee under the statute by virtue of which he is appointed. The appointment of Mrs. Walker as guardian of the complainants made her their trustee. This is her *status* under the law, and therefore the statutory provisions referred to are not applicable. When she took the conveyance in question as guardian, she became seized of the property as a trustee, and it was not necessary that the trust should be fully expressed or defined in the instrument of conveyance. On the whole, my opinion is that Mrs. Walker took the title of the lands levied on, not in her individual right, but as guardian of the complainants, and that she has no interest therein subject to levy and sale for satisfaction of the judgment against her.

But it is further contended that the debt represented by the judgment against Mrs. Walker was really the debt of Jesse W. Walker; that he was a party to the representations in relation to the ownership of this land, on the faith of which Mrs. Walker was accepted as a surety on his guaranty to the company; that he should therefore be now estopped to say that the land belongs to him; and that it is at least equitable that his interest in the property should be subjected to the payment of the judgment. There is force in these suggestions,

and in view of the inducements held out to the Wringer company, to which Jesse W. Walker was a party, and which, when considered in connection with what ultimately followed, were, in the eye of the law, little less than a fraud, the court would be strongly inclined to sanction the enforcement of this judgment against Jesse W. Walker's interest in the land if it could do so consistently with legal principles. An insuperable difficulty in the way is that, although the original debt was that of Jesse W. Walker, the judgment is against Caroline Walker alone. The remedy now sought by the plaintiff in the judgment is a purely legal remedy; *i. e.*, an execution sale of the land as the property of the judgment debtor. The court cannot aid that proceeding by the application of equitable remedies, strong as the equities may be in favor of the judgment creditor. Jesse W. Walker is not one of the judgment debtors, and, *ex necessitate*, execution on the judgment must run against the property of Caroline Walker. Moreover, Jesse W. Walker was a minor when he became a party to the written guaranty, and when he contracted the indebtedness owing to the Wringer company. No suit could be maintained or judgment recovered against him while he was a minor, on account of his indebtedness to the company, if he pleaded infancy, and on obtaining his majority he disaffirmed the contract of guaranty. It seems obvious, therefore, that the case is one in which the principle of estoppel cannot be invoked or applied in support of the judgment creditor's right to enforce by execution its present judgment against the property of Jesse W. Walker. If his interest in the land can be reached in any form of proceeding, it is evident that it must be done in such form as will enable the creditor to invoke the equitable interposition of the court. In no event can the interest of Mary P. Walker be divested or affected by any proceeding to enforce payment of the liabilities of Caroline or Jesse W. Walker. The attempted sale of the land in question to satisfy the judgment against Caroline Walker would create a cloud on the title, and a court of equity, by virtue of its inherent power as such, in order to prevent a cloud upon the title to land, will, in a proper case, restrain a sale thereof.

There must be a decree enjoining a sale of the land in question upon the judgment against Caroline Walker, but the decree will be entered without prejudice to the right of the Colby Wringer Company to take any proceeding in equity it may be advised is proper to subject the interest of Jesse W. Walker in the land in question to the payment of his indebtedness to the company. Costs will not be allowed to the complainants against the defendants herein.